[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12944
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20032-DPG-4


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LATASHA PHARR,

Defendants-Appellants.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 5, 2019)

Before WILLIAM PRYOR, MARTIN and NEWSOM, Circuit Judges.

PER CURIAM:

Latasha Pharr appeals her sentence of 121 months of imprisonment for one count of conspiring to commit bank fraud, 18 U.S.C. §§ 1344(2), 1349, five counts of bank fraud, *id.* §§ 1344, 2, and three counts of aggravated identity theft, *id.* §§ 1028A(a)(1), 2. In an earlier appeal, we vacated Pharr's original sentence of 259 months of imprisonment and remanded for the district court to recalculate her sentencing range using the number of victims and financial losses for which she was personally responsible. Pharr argues that her sentence is procedurally unreasonable because the district court failed to consider her post-conviction rehabilitation. We affirm.

We review the reasonableness of a sentence under a deferential standard for abuse of discretion. *United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir. 2013). "A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008). A sentencing judge "should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority," *Rita v. United States*, 551 U.S. 338, 356 (2007), and "must adequately explain the chosen sentence to allow for meaningful

2

appellate review and to promote the perception of fair sentencing," *Gall v. United States*, 552 U.S. 38, 50 (2007). "It is sufficient that the district court considers the defendant's arguments at sentencing and states that it has taken the § 3553(a) factors into account." *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009).

Pharr's sentence is procedurally reasonable. The district court was not required to consider Pharr's post-conviction rehabilitation, but the record is clear that it did so. *See United States v. Doyle*, 857 F.3d 1115, 1121 (11th Cir. 2017). The district court stated that it "considered everything in this case," including "the presentence [investigation] report," which described fifteen educational courses that Pharr had completed in prison, and Pharr's arguments about her "substantial amount of post-sentencing rehabilitation" and her "great efforts to make herself better, to become a better person." The district court was not required to say more about Pharr's rehabilitation when imposing her sentence.

We **AFFIRM** Pharr's sentence.